UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOUIS BRUCE SALVATO, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 2:19-cv-00384-LEW |
| PORTLAND HOUSING AUTHORITY, et al., | ) ) ) ) | |
| Defendants | ) ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DECISION ON 28 U.S.C. § 1915(e)(2) REVIEW**

The *pro se* plaintiff, Louis Bruce Salvato, seeks *in forma pauperis* status in connection with his complaint against the Portland Housing Authority, its commissioners, and various individuals in their official capacities as employees of the Portland Housing Authority (collectively the "defendants"). Complaint for a Civil Case ("Complaint") (ECF No. 1) at Page ID # 2; Application To Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 3). I grant the plaintiff's request for leave to proceed *in forma pauperis* and recommend, following review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the court permit this case to proceed.

**I. Application To Proceed *in Forma Pauperis***

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares, under penalty of perjury, that he has a monthly disability income of $1,091, no assets, and regular monthly expenses of $858. *See* IFP Application at [1]-[2]. These financial circumstances entitle him to proceed *in forma pauperis*, and his application is granted.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *See, e.g., Butterworth v. United States*, 775 F.3d 459, 469 (1st Cir. 2015).

**B. Factual Background**

So read, the plaintiff's complaint alleges the following:

The plaintiff is one of the defendants' tenants. Complaint at Page ID ## 4-5. He is also disabled and receives Social Security Disability Income. *Id.;* IFP Application at [1].

Since the spring of 2015, the defendants have "punished" the plaintiff for "speaking [his] mind when injustices have been committed against" him, including by failing to remedy "unsafe housing accommodations." Complaint at Page ID ## 4-5. As a consequence, the plaintiff has suffered increased anxiety, depression, and worsening kidney disease. *Id.* at Page ID # 5.

On May 10, 2018, the plaintiff had an "outburst" in the defendants' office about his unsafe housing accommodations and "patterns of abuse directed at [him] by other tenants[.]" *Id.* at Page ID # 4. In response, the defendants issued a "first [and] final warning" and continue to fail to remediate the unsafe living conditions of which the plaintiff complains. *Id.* at Page ID ## 4-5.

3

The plaintiff seeks monetary damages of $1,000,000, punitive damages of $250,000, a "consent-decree," and "reparations that are specific to the 4.5 years of life and liberty that was robbed from [the plaintiff] by Portland Housing Authority's willful negligence [and] lack of concern and remedial actions." *Id.* at Page ID # 5.

## C. Discussion

The plaintiff describes his claims as grounded in the First and Fourteenth amendments to the U.S. Constitution, *see id*. at Page ID # 3, both of which apply "only to state action performed by a person who may fairly be said to be a state actor[,]" *Jarvis v. Village Gun Shop, Inc*., 805 F.3d 1, 8 (1st Cir. 2015) (citation and internal quotation marks omitted) (Fourteenth Amendment); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (First Amendment). [2] This, in turn, raises a threshold question of whether the Portland Housing Authority fairly can be described as a state actor, which the Maine Law Court has answered in the affirmative. *See, e.g., Doe v. Portland Hous. Auth.*, 656 A.2d 1200, 1204 (Me. 1995) ("The [Portland Housing Authority] possesses broad powers consistent with its mission of carrying out 'public and essential functions,' and has many of the indicia of a governmental entity.") (citation omitted). I, therefore, proceed with my analysis.

### 1. Freedom of Speech

The plaintiff alleges that he "was issued a first [and] final warning" expressly because he had an "outburst" at the Portland Housing Authority office regarding unsafe housing accommodations and "patterns of abuse directed at [him] by other tenants[.]" Complaint at Page ID # 4. "In order to succeed on a First Amendment retaliation claim, a party must show that [his]

---

[2] The plaintiff's allegations could be broadly read to implicate other causes of action; for example, claims pursuant to the Americans with Disabilities Act or the Fair Housing Act. However, for the purpose of review pursuant to Section 1915, I have evaluated the plaintiff's claims pursuant to the law he explicitly invokes: the First and Fourteenth amendments.

4

conduct was constitutionally protected, and that this conduct was a substantial factor or a motivating factor driving the allegedly retaliatory decision." *Gorelik v. Costin*, 605 F.3d 118, 123 (1st Cir. 2010) (citation and internal punctuation omitted). The plaintiff's allegations suffice to make out a claim pursuant to the two-part *Gorelik* test.

The Supreme Court has stated that the First Amendment "embraces at the least the liberty to discuss publicly and truthfully all matters of public concern." *Consol. Edison Co. of N.Y., Inc. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 530, 534 (1980) (citations and internal punctuation omitted). Drawing all reasonable inferences in the plaintiff's favor, his speech was constitutionally protected, as alleged, because it was (i) about a matter of public concern, the living conditions in public housing, and (ii) discussed publicly. While discovery may prove otherwise, the court may infer that the plaintiff's "outburst" was overheard by other tenants, or members of the public, who were present at the Portland Housing Authority office.

Second, the plaintiff adequately alleges that his conduct was a substantial or motivating factor in the alleged adverse action the defendants took against him: the simple language of the Complaint outlines that the warnings he received were a direct result of his speech. *See* Complaint at Page ID # 4.

Thus, the plaintiff's allegations, taken as true, suffice to state a claim for a retaliatory violation of his First Amendment rights. *See, e.g., McQueen v. Druker*, 438 F.2d 781, 782, 785 (1st Cir. 1971) (landlord could not threaten to evict tenants in retaliation for exercising their First Amendment rights to confront him).

## 2. Due Process

The Fourteenth Amendment's Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1.

"To state a procedural due process claim, a plaintiff must allege first that [he] has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived [him] of that property interest without constitutionally adequate process." *Farris v. Poore*, 841 F. Supp. 2d 436, 439 (D. Me. 2012) (citation and internal quotation marks omitted). The plaintiff alleges that the defendants deprived him of safe public housing and, when he complained of unsafe housing conditions, not only punished him, as discussed above, but also lied to him and failed to take remedial action. *See* Complaint at Page ID ## 4-5.

The plaintiff's complaint raises a colorable claim that he had a property interest, as defined by state law, in safe housing. The Law Court has described the Portland Housing Authority as "a municipal housing authority created pursuant to 30-A M.R.S.A. § 4721[.]" *Doe*, 656 A.2d at 1201. In turn, a "housing project" is defined as "any work or undertaking . . . [t]o provide decent, safe and sanitary dwellings, apartments or other living accommodations for persons of low income." 30-A M.R.S.A. § 4702(14)(B). The plaintiff's allegations also fairly can be read to allege the deprivation of any such property interest without adequate process: he asserts that, rather than addressing his complaints of unsafe housing, the defendants lied to him and punished him for voicing them.

Accordingly, read liberally and in the light most favorable to the plaintiff, the allegations of his complaint fulfill both elements of a procedural due process claim.

I do not construe the Complaint to press a claim of violation of substantive due process. Unlike its procedural sibling, substantive due process "safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them." *DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir. 2005). "In the realm of executive action, the Due Process Clause does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm, nor does it guarantee due care by government officials." *Id.* (internal quotation marks omitted). "Consequently, an abuse of power practiced by the executive branch of state government sinks to a level cognizable under the Due Process Clause only when it is so extreme and egregious as to shock the contemporary conscience." *Id.*

The First Circuit has found conduct shocking the conscience where state actors engage in extreme or intrusive physical conduct, but has been skeptical that infliction of psychological harm alone could state such a claim. *See, e.g., Souza v. Pina*, 53 F.3d 423, 427 (1st Cir. 1995). Even accepting that retaliating against a tenant for making a complaint about his living conditions is egregious, the plaintiff does not allege conduct "so extreme and egregious as to shock the contemporary conscience." *DePoutot*, 424 F.3d at 118. Therefore, I do not construe his complaint to press a claim of violation of his substantive due process rights.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis*, recommend that the court permit this case to proceed following section 1915 review, and, if my recommendation is accepted, **ENLARGE** the deadline for service of the Complaint to 90 days from the date of the court's acceptance of that recommendation.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of September, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge