UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOUIS BRUCE SALVATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19-cv-00384-LEW |
| | ) | |
| PORTLAND HOUSING AUTHORITY ET AL., | ) ) | |
| | ) | |
| Defendants | ) | |

## **ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

On August 19, 2019, Plaintiff Louis Bruce Salvato filed a Complaint pro se and in forma pauperis against Defendants Mark B Adelson, Trevor Nugent, Clayton Williams, the Portland Housing Authority, and the Portland Housing Authority Board of Commissioners. ECF No. 1. On September 17, 2019, the United States Magistrate Judge filed his Order Granting Leave to Proceed In Forma Pauperis and Recommended Decision on 28 U.S.C. § 1915(e)(2) Review (ECF No. 4). The Magistrate Judge recommended, after screening Plaintiff's Complaint, that Plaintiff be permitted to proceed with his First Amendment retaliation and procedural due process claims against Defendants, and that the Court enlarge the deadline for service of the Complaint to 90 days from the acceptance of the recommendation. I affirmed and adopted this recommendation in full. ECF No. 7.

On October 10, 2019, Plaintiff Salvato filed a motion for service. ECF No. 6. On November 18, 2019 this Court issued an Order for Service, directing the Plaintiff to "provide the full name(s) and address(es) for the defendant(s)." ECF No. 8. In response,

Plaintiff filed an updated list of Defendants, and the addresses for those Defendants which the Court requested. ECF No. 9. Because the Plaintiff was adding new parties, and removing others, the Magistrate Judge treated this as a Motion to Amend the Complaint, and in granting the Motion reminded the Plaintiff that "[a]fter entry of this Order, in Amending a COMPLAINT, the plaintiff is REQUIRED to separately file the AMENDED COMPLAINT Document." ECF No. 10 (capitalization in original). Attempting to follow the Court's directive, the Plaintiff filed a document titled "Amended Complaint" on December 2, 2019 to formally add incoming Director of the Portland Housing Authority Cheryl Sessions and remove the Board of Commissioners of Portland Housing Authority as parties; the "Amended Complaint" contained only the names and addresses of the parties, and did not incorporate by reference his earlier pleading. ECF No. 11. Defendants timely filed both an Answer and two separate motions to dismiss on March 9, 2020. Defendants' filings only addressed Plaintiff's Amended Complaint (ECF No. 11), not the claims in Plaintiff's Complaint that were screened and approved by this Court.

Both motions to dismiss are now fully briefed and at issue. Defendants' first motion argues that Plaintiff's Amended Complaint fails to state a claim under Rule 12(b)(6).[1] The second argues the Amended Complaint fails to allege a basis for this Court's subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). Because Plaintiff is proceeding pro se, and because omitting the content of the original Complaint from the Amended Complaint is the type of

---

[1] A post-answer motion to dismiss for failure to state a claim ought to be filed as a motion for judgment on the pleadings under Rule 12(c). Despite this procedural gaffe, the analysis is the same. *See Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) ("A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss.").

legal technicality we forgive pro se parties,[2] I will DENY both motions (ECF Nos. 14, 15) and ORDER that Plaintiff re-file his Amended Complaint, taking care to not only include the names of any new parties but also to officially incorporate the factual allegations from his originally-filed Complaint (ECF No. 1).  I further ORDER that Defendants' response to Plaintiff's amended pleading shall be filed within 21 days after being served with amended complaint.

    **SO ORDERED.**

    Dated this 18th day of May, 2020.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE

---

[2] As a general rule, "pro se litigants are not held to the same standards as attorneys, particularly with respect to 'technical rules of procedure' even if they are not free from the obligation to comply with procedural rules." *Girard v. Dodd*, 2019 WL 3535689, at *1 (D. Me. Aug. 2, 2019).