UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOUIS B. SALVATO, | ) | |
| | ) | |
|     Plaintiff | ) | |
| v. | ) | No. 2:19-cv-00384-LEW |
| | ) | |
| PORTLAND HOUSING AUTHORITY et al., | ) ) | |
| | ) | |
|     Defendants | ) | |

### MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND EXTEND THE DEADLINE FOR RESPONDING TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case is before me on the plaintiff's motion to reopen discovery and extend the deadline for him to respond to the defendants' pending motion for summary judgment. *See* Plaintiff's Motion to Extend Discovery and Extend Plaintiff's Response to Defendant's Summary Judgment ("Motion") (ECF No. 40). For context, discovery closed on March 4, 2021, the defendants filed their motion for summary judgment on April 15, 2021, and the defendants' response to that motion was originally due May 6, 2021, pursuant to Local Rule 7. *See* Order [Amending Scheduling Order] (ECF No. 32); Defendants' Motion for Summary Judgment (ECF No. 35). The court previously granted, over the defendants' objection, a motion by the plaintiff to extend the deadline for his response to May 21, 2021. *See* Plaintiff's Motion to Continue (ECF No. 37); Defendants' Response in Opposition to Motion to Continue (ECF No. 38); Order Granting Motion to Continue (ECF No. 39). Rather than file his response, the plaintiff filed the instant motion. *See* Motion at 1.

In his motion, the plaintiff seeks to extend the deadline for his response by another two weeks, and "have new Discovery dates reestablished" on the basis of "new developments[.]"

1

Motion at 1-2. Those new developments are that he has been "issued an eviction notice by Portland Housing Authority for lease violations" and that he has obtained significant new evidence – including his "complete tenant file" and information from his apartment building's property manager – that had not been disclosed to him during discovery. *Id.* at 2-4. He also contends that he needs discovery to obtain "[n]ew specific surveillance footage" from his building. *Id.* at 4.

The defendants, on the other hand, contend in their opposition to the plaintiff's motion that they provided everything that he asked for during discovery and even went so far as to make a voluntary disclosure of 54 pages of documents. *See* Defendants' Objection to Plaintiff's Motion to Extend Discovery and Extend Plaintiff's Deadline to Object to Defendants' Motion for Summary Judgment (ECF No. 41) at 1-2. They argue that the plaintiff has not shown good cause for reopening discovery because "[t]he extent to which [he] has generated a dispute of material fact with respect to the" claims in his complaint "can be reasonably determined without re-opening discovery related to new events and developments which have largely occurred since the passage of the parties' discovery deadline." *Id.* at 4. They do not, however, object to a 14-day extension of the deadline for the plaintiff to respond to their motion for summary judgment, so long as no further extensions are granted. *Id.* at 3.

In his reply, the plaintiff states that his purpose in filing his motion was "to enter new relevant evidence into his original complaint suit" and argues that he is entitled "to have his relevant evidence allowed to be entered into the Discovery[.]" Plaintiff's [Reply to Defendants' Opposition] (ECF No. 42) at 1, 6.

Even construing the plaintiff's *pro se* motion liberally, as I must, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), I agree with the defendants that he has not established good cause to reopen discovery, *see Gladu v. Waltz*, No. 1:18-cv-00275-GZS, 2020 WL 1156115, at *1 (D.

Me. Mar. 10, 2020) ("As a general rule, to obtain an extension of the discovery deadline established by the Court's scheduling order, a party must demonstrate 'good cause[.]'"). First and foremost, it appears that the plaintiff misunderstands what it means to reopen discovery; if, as he seems to contend, the plaintiff already has possession of the new evidence he references, he has no need for further discovery. *Cf. id.* ("[G]iven that Plaintiff is aware of the information and evidently can communicate with the other inmates, Plaintiff has not established that formal discovery is necessary to obtain the information or to explore related information."). The plaintiff is free, subject to the defendants' right to object, to seek to use the evidence he obtained outside of discovery in responding to the motion for summary judgment. To the extent that he is seeking to reopen discovery to obtain additional evidence – such as security footage – he has not demonstrated why he could not have obtained such evidence before the close of discovery, or, if the evidence postdates the close of discovery, why it is necessary for him to obtain it before responding to the defendants' motion for summary judgment. *See id.* at *1-2.

Accordingly, the plaintiff's request to reopen discovery is **_DENIED_**. Without objection, the deadline for the plaintiff to respond to the defendants' motion for summary judgment is **_EXTENDED_** to July 20, 2021, which is 14 days from the next business day following the date of this order. Those additional two weeks, in conjunction with the previously granted extension and the time that the instant motion has been pending, should provide the plaintiff ample opportunity to prepare his response, and, as such, the plaintiff should not expect that any further request for extension will be granted.

### _NOTICE_

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.**

Dated this 5th day of July, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge